772 So.2d 244 (2000)
Sandra Ancar ENCALADE, Leander Encalade and Arika L. Ancar
v.
COAST QUALITY CONSTRUCTION CORPORATION d/b/a Sunrise Homes, Inc.
No. 00-CA-925.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2000.
*245 Stephen C. D'Antoni, Cronvich, Wambsgans & Michalczyk, Metairie, Louisiana, Attorney for Appellants Sandra and Leander Encalade.
Michael J. Gautier, Jr., LeBlanc, Miranda, Warwick & Milazzo, Metairie, Louisiana, Attorneys for Defendant/Appellees Coast Quality Construction Corporation d/b/a Sunrise Homes, Inc.
Panel composed of Judges JAMES L. CANNELLA, H. CHARLES GAUDIN, Pro Tempore and JAMES C. GULOTTA, Pro Tempore.
CANNELLA, Judge.
This an appeal by Plaintiffs, Sandra and Leander Encalade, from a trial court judgment which grants a defense motion of prescription and dismisses Plaintiffs' case. For reasons that follow, we reverse.
This matter began with a "Petition for Breach of Warranty, Rescission of Sale" filed by Plaintiffs and Arika Ancar. Named as Defendants were Sunrise Homes, Inc., and Coast Quality Construction Corporation d/b/a Sunrise Homes, Inc.(Sunrise). The petition alleges that Sunrise sold certain immovable property *246 to Plaintiffs and specifically gave and conveyed to Plaintiffs a ten year structural warranty on the property. According to the petition, the home has a differential settlement caused from the failure of pilings supporting the concrete slab and superstructure which renders the building structurally unsound. The damage caused by the faulty construction is about $36,000.
In response, Sunrise filed an exception of prescription arguing that the claim is an action in redhibition which must be brought within one year of when the Plaintiffs knew or should have known of the defect. The exception maintains that since the house was sold in 1986 and the Plaintiffs discovered the damage in 1991, this action, filed in 1995, is prescribed. After hearing arguments and reviewing the record, the trial court granted the exception and dismissed Plaintiffs' case. It is from this ruling that Plaintiffs appeal.
The record reveals the following facts which are not in dispute. On March 15, 1985, Sunrise sold a house located at 3736 Sue Ker Drive in Harvey, Louisiana to Sandra Ancar and her sister, Arika Ancar. On August 18, 1986, Leander Encalade, Sandra Ancar's fiancé, purchased the same property from the two sisters. Plaintiffs were subsequently married and have lived in the home continuously since it was purchased.
Plaintiffs noticed settling of the house and on April 2, 1991 obtained a slab or elevation survey from Wilton Dufrene, a land surveyor. He reported a seven inch differential from the front of the house to the rear. Plaintiffs tried to contact Sunrise to resolve the situation, but received no response. Next, Plaintiffs contacted the Better Business Bureau (BBB) for help resolving their problems. On April 6, 1992, William Steinhardt, a representative of Sunrise, responded in writing to the BBB. In that correspondence he stated that he inspected the house, was unable to discern if there was a structural failure, and would need a structural engineering report to make a proper evaluation. To comply with Sunrise's request, Plaintiffs hired John Grieshaber, an engineer, to perform the structural engineering test. In a report dated October 2, 1992, he concluded that "(t)he building is structurally functional in its current condition at this time". Two weeks later Plaintiffs received a letter indicating that Sunrise would take no action to help.
Time passed and Plaintiffs noticed more settling of their home and decided to get another survey. They commissioned a slab or elevation survey from Wilton Dufrene. His report, completed on December 13, 1994, showed a twelve inch differential from the front to the rear of the house. Plaintiffs hired an engineer, Daniel Pouwels, to offer an opinion as to the structural condition of the house. He inspected the house on January 20, 1995 and concluded that the one foot differential was "excessive and alarming". Plaintiffs filed this action against Sunrise on February 16, 1995.
Sunrise does not contest the facts as presented by Plaintiffs. Sunrise contends that Plaintiffs knew or should have know of the sinking problem in 1991 when they received the first report and, therefore, this action in redhibition filed in 1995 is prescribed.
LSA-.C.C. article 2520, in pertinent part, provides that:
A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.
*247 It is well settled that a builder/seller of a home is presumed to know of the defects existing therein. Prescription does not commence in such cases until the purchaser discovers the defect. Further, after the redhibitory defect is discovered by the purchaser, prescription does not commence until the seller abandons all attempts to remedy the defect. Panagiotis v. Gauthier-Matherne Homes, Ltd., 571 So.2d 881 (La.App. 3rd Cir.1990). Thus, Plaintiffs had one year from the date the defect was discovered and Sunrise abandoned all attempts to remedy the defect. LSA-C.C. article 2534.
Before Plaintiffs could bring an action in redhibition, they needed to allege one of the basic elements of the action, that is, that the house is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that, judged by the reasonable person standard, had they known of the defect, they would never have purchased it. Vincent v. Hyundai Corporation, 633 So.2d 240, 243 (La.App. 1st Cir.1993), writ denied, 93-3118 (La.2/11/94), 634 So.2d 832.
As explained in Beth Israel v. Bartley, Inc., 579 So.2d 1066, 1072, (La. App. 4th Cir.1991):
Prescription does not commence to run until the plaintiff has actual or constructive knowledge of the tortious act, the damage caused, and the causal relationship between the tortious act and the damage. A person cannot bring suit until his cause of action has accrued and therefore prescription cannot run until that time. Mere apprehension that something might be wrong is not sufficient. (Citations omitted)
We believe that Plaintiffs did not have constructive knowledge of an element of the action until the second engineer's report showed that the twelve inch differential in the elevation caused the house to be structurally unsound. Plaintiffs made an effort to investigate a problem which they saw developing. They notified the builder of the situation, but were forced to seek help from the BBB to get an initial response. Plaintiffs complied with Sunrise's request to get an expert opinion on whether the elevation differential created a structural problem in the home. That engineer's report showed that in 1992, the home was "structurally functional in its current condition at this time". It was not until the January, 1995 report which stated that "if this house continues to settle, it may result in structural failure and/or and unsafe condition", that Plaintiffs had constructive notice of an essential element of redhibition.
We find that the date of that report, January 20, 1995, is the commencement of the prescriptive period. Accordingly, this action, filed on February 16, 1995, less than one month later, is timely.
For the foregoing reasons the judgment of trial court granting the exception of prescription is reversed and Plaintiffs' action is reinstated. This matter is remanded for further proceedings. All costs of this appeal are assessed to Sunrise.
REVERSED AND REMANDED.