STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-1539


KENNETH FORD, ET AL.

VERSUS

RAPIDES HEALTHCARE SYSTEM, L.L.C., ET AL.

**********
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2005-7454-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

AFFIRMED.


Roderick T. Morris
1102 Pennsylvania St.
New Roads, LA 70760
(225) 618-9091
Counsel for Plaintiff/Appellant:
    Kenneth Ford, et al.

Ann M. Halphen
Adams & Reese
450 Laurel Street, Suite 1900
Baton Rouge, LA 70801
(225) 336-5200
Counsel for Defendants/Appellees:
    Ravinderjit S. Brar, M.D.
    Fernando Garcia, M.D.
    Anthony Amigo, M.D.

**David Richard Sobel**
**Provosty, Sadler & Delaunay**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Defendant/Appellee:**
    **Fernando Garcia, M.D.**

**Brandon A. Sues**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**Counsel for Defendants/Appellees:**
    **Rapides Healthcare System, L.L.C.**
    **Ravinderjit S. Brar, M.D.**

GREMILLION, Judge.

The plaintiff, Kenneth Ford,[1] appeals the judgment of the trial court in favor of the defendants, Rapides Healthcare System, LLC, d/b/a Avoyelles Hospital, Ravinderjit Brar, M.D., Fernarndo Garcia, M.D., and Anthony Amigo, M.D., finding that his medical malpractice claim had prescribed. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Ford filed a petition for wrongful death and personal injuries on February 10, 2005, following the death of his asthmatic wife on September 17, 2000, at Avoyelles Hospital. Dr. Brar filed a peremptory exception of prescription in October 2005, urging that Ford's claim was prescribed on its face as of September 16, 2003. In April 2006, Avoyelles Hospital also filed an peremptory exception of prescription on behalf of all of the defendants. In September 2004, a medical review panel issued an opinion stating that the evidence did not support the conclusion that Dr. Brar or Avoyelles Hospital failed to meet the applicable standard of care.

In May 2006, Dr. Brar filed an Alternative Motion for Summary Judgment. Following a hearing on the exceptions of prescription, the trial court granted the exceptions in favor of the defendants and dismissed Ford's case with prejudice. The trial court further dismissed and dissolved the medical review panel pursuant to La.R.S. 40:1299.47(B)(2)(b).

---

[1]Ford is a plaintiff individually, and on behalf of his late wife, Mary Ford, and on behalf of their minor children, Brandon Presley and Kendra Smith; and Kevius Smith and Jarvis Presley, individually, and on behalf of their deceased mother, Mary Ford.

Thereafter, Ford filed a motion for new trial, which was denied in October 2006. He now appeals to this court. Thereafter, Avoyelles Hospital filed a Motion to Strike Plaintiffs-Appellants' Original Appellate Reply Brief as being untimely pursuant to Uniform Rules Courts of Appeal Rule 2-12.6. This issue is moot as we need not consider Ford's reply brief in affirming the trial court.

## ISSUES

Ford assigns as error:

1. The trial court's sustaining the defendants' exception of prescription in that the defendants failed to produce any evidence to support their claim that his case has prescribed on its face and the trial court erred in failing to allow him the opportunity to amend his petition to remove the grounds of defendants' exception of prescription.

## LAW

### Wrongful Death Claim

Pursuant to La.Civ.Code art. 3492, a beneficiary named in La.Civ.Code art. 2315.2 is subject to a one year prescriptive period in which to file his claim for wrongful death. "The date of the malpractice victim's death determines when the prescriptive period commences running, as that is the date the claimants are injured." *Taylor v. Giddens,* 618 So.2d 834, 841 (La.1993). In this case, Mary died on September 17, 2000. Ford did not file his complaint with the medical review panel until September 2003, or his wrongful death claim until nearly four-and-a-half years later in February 2005. This claim has prescribed on its face. Ford does not differentiate in his brief between the wrongful death and survival/malpractice claims, but in effort to cover any potential future issues, we affirm the trial court's findings that Ford's wrongful death claim has prescribed.

2

**Survival Action**

The supreme court in *Carter v. Haygood,* 04-0646, p. 9 (La. 1/19/05),
892 So.2d 1261, 1267 (citations omitted), recently summarized the law pertaining to
prescriptive periods surrounding medical malpractice actions:

> [I]f prescription is evident on the face of the pleadings, the burden shifts
> to the plaintiff to show the action has not prescribed. If evidence is
> introduced at the hearing on the peremptory exception of prescription,
> the district court's findings of fact are reviewed under the manifest
> error-clearly wrong standard of review. If the findings are reasonable
> in light of the record reviewed in its entirety, an appellate court may not
> reverse even though convinced that had it been sitting as the trier of fact,
> it would have weighed the evidence differently.

The supreme court continued with a discussion of La.Rev.Stat. 9:5628,
which provides the prescriptive period for a medical malpractice action:

> First, a one-year prescription period (which parallels the general
> tort period) is the general rule, which applies to all types of medical
> malpractice actions. Under this general rule, such actions prescribe one
> year from the date of alleged act, omission or neglect. This rule applies
> when the damages are immediately apparent.

> Second, in cases involving damages that are not immediately
> apparent, a discovery exception to the general rule is codified. The
> discovery exception embodied in Section 5628 is a codification of the
> fourth category of *contra non valentem* for cases in which the cause of
> action is not immediately knowable. Under this discovery rule, such
> actions prescribe one year from the date of discovery of the alleged act,
> omission or neglect.

> Third, an overall limitation is placed on cases otherwise falling
> within the discovery rule. That overall limitation is the underscored
> portion of Section 5628, which provides that "in all events such claims
> shall be filed at the latest within a period of three years from the date of
> the alleged act, omission or neglect." La.Rev.Stat. 9:5628 (emphasis
> supplied.) Translated, this means that "the contra non valentem type of
> exception to prescription embodied in the discovery rule is expressly
> made inapplicable after three years from the alleged injury causing act,
> omission or neglect." "Superimposed upon [the discovery rule],
> however, is an overall limitation upon the discovery rule's operation to
> a period of three years from the date of the alleged act, omission, or

3

neglect."

A straightforward reading of this statute clearly demonstrates the statute sets forth two prescriptive limits within which to bring a medical malpractice action, namely one year from the date of alleged act or one year from the date of discovery with a three-year limitation from the date of the alleged act, omission or neglect to bring such a claim.

*Id.* at 1267-68 (citations omitted)(alteration in original).

Actual knowledge is not required; constructive notice, or adequate information that would incite curiosity or attention in a reasonable person is sufficient to alert a person that he may have a claim or inquiry. *See Anderson v. Beauregard Mem'l Hosp.,* 97-1222 (La.App. 3 Cir. 3/6/98), 709 So.2d 283; *LeCompte v. State of LA-Dept. Of Health and Human Res.-South La. Med. Ctr.*, 97-1878 (La.App. 1 Cir. 9/25/98), 723 So.2d 474. In this case, Ford bore the burden of proving that his claims had not prescribed. Having reviewed the record, we find the trial court did not manfiestly err in holding that Ford's survival action has prescribed. It is clear from Ford's own petition and his testimony at trial, that he had sufficient facts to excite his attention and put him on notice of a malpractice claim. The trial court summarized Ford's own statements and observations the night of Mary's death as follows:[2]

> And the Court of Appeal says hey, all the facts you knew relating to the alleged malpractice happened that night and you were there. Now, there's nothing in that case about the gagging, throwing up, I can't get it in her, let her die, people running back and forth, somebody saying let her die and the sister-in-law starting to screaming and hollering, there's nothing in these cerebral palsy cases really that excites attention. And in the Mortan Versus Compcare where it says the appropriate inquiry is whether the plaintiff had sufficient information to insight curiosity, hey, what's going in there. To excite attention, that was done. Attention was excited. He was upset, his sister-in-law was screaming. Ought to put a reasonably minded person on guard and call for an inquiry. He said I

---

[2] We note that the trial court had been distinguishing the instant facts from cases involving medical malpractice claims in which babies were born with cerebral palsy.

4

want an autopsy. I want an autopsy.

Ford's own petition and testimony reveals the multitude of facts that should have excited his curiosity: He claims that he heard Dr. Brar tell employees to let his wife die, that if she would not consent to be intubated she would "see her God," that he heard his wife gagging and vomiting, that his wife was "blowed up like a basketball swollen an discolored," and that he requested an autopsy. We agree with the trial court that Ford had the requisite sufficient facts for a reasonable person's attention to be excited in that the one year prescriptive period began running on September 17, 2000.

The crux of Ford's claim is that *contra non valentem* should apply to these facts to suspend prescription. There are four instances in which *contra non valentem* may be applied to prevent prescription from tolling, the fourth one being urged by Ford. The fourth exception that prevents prescription from running is "where the cause of action is not known or reasonably knowable by the plaintiff." *Carter,* 892 So.2d at 1268. Ford claims that the cause of action was not known or reasonably knowable by him, thus both the wrongful death and survival actions should have been suspended. Ford maintains (in his original petition) that he only became aware that he had a malpractice claim some time in the summer of 2003, when someone told him of an alleged incident involving Dr. Brar in which a "stick" was left in a patient's head. Ford claims that upon hearing about the incident, he became suspicious about his wife's death. Ford argues that the trial court relied on whether Ford knew or should have known of the damage without addressing his knowledge of the relationship between the damage and the alleged tort since he is not

5

a medical doctor and neither the doctors nor hospital admitted malpractice. We disagree. Moreover, Ford had the same knowledge and information before he heard about the "stick" incident as he did afterward. The connection between Ford's hearing about the "stick" incident and his realization that he may have a medical malpractice claim is insufficient to suspend prescription. Accordingly, this assignment of error is without merit.

## Amending the Petition

Lastly, Ford urges that the trial court erred in failing to allow him an opportunity to amend the petition to remove the grounds of the defendants' exceptions of prescription. Ford urges that he has "legitimate facts" that would have defeated prescription. However, based on our previous findings and our review of the record and Ford's brief, we are aware of no new "legitimate facts" that, if added, would cure the fact that Ford's claims have prescribed.

## CONCLUSION

The judgment of the trial court granting the defendants-appellees, Rapides Healthcare System, LLC, d/b/a Avoyelles Hospital, Ravinderjit Brar, M.D., Fernarndo Garcia, M.D., and Anthony Amigo, M.D., exceptions of prescription is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Kenneth Ford.

**AFFIRMED.**

6