978 So.2d 562 (2008)
In re Medical Review Panel Proceeding of Janet CARTER
v.
OCHSNER CLINIC FOUNDATION and Jamie Lynn Ross, M.D.
No. 07-CA-889.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
Rehearing Denied April 7, 2008.
*563 A.M. "Tony" Clayton, Michael P. Fruge, Clayton and Fruge, Port Allen, Louisiana, for Plaintiff/Appellant.
Don S. McKinney, Shelly F. Spansel, Adams and Reese, LLP, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
The plaintiff, Janet Carter, has appealed the trial court's grant of defendants' Exception of Prescription in this medical malpractice proceeding. For the reasons that follow, we affirm.
PROCEDURAL HISTORY:
On February 15, 2007, the defendants, Ochsner Clinic Foundation and Jamie Lynn Ross, M.D., filed a petition stating that they had been named in a medical malpractice complaint filed with the Louisiana Division of Administration pursuant to LSA-R.S. 40:1299.41, et seq. This complaint was filed by Janet Carter. On that same date, the defendants filed an Exception of Prescription accompanied by a Memorandum in Support of this Exception. The memorandum states that plaintiff submitted a complaint of medical malpractice to the Division of Administration by letter dated April 17, 2006 and received by the Division of Administration on May 15, 2006. The memorandum states that the complaint alleged that Rosalyn Carter died on July 14, 2005 due to Dr. Ross' negligence in placing a catheter during dialysis. The memorandum states a supplemental complaint was submitted to the Division of Administration by letter dated May 22, 2006. These complaints were forwarded to the Patient's Compensation Fund Oversight Board (hereinafter referred to as the PCF).
According to the memorandum, a letter dated May 23, 2006 was sent from the PCF to plaintiff's attorney acknowledging receipt of the complaints and informing the attorney that a filing fee of $100.00 per qualified defendants was due within 45 days from the date of this notice as per LSA-R.S. 40:1299.47 A(1)(c). The memorandum states that the letter went on to inform the plaintiff's attorney that the fee may be waived by an affidavit from a physician or a forma pauperis ruling and failure to comply would result in the complaints being invalid and without effect and would not suspend the time within which suit must be instituted. According to the memorandum, plaintiff did not submit anything in response to the PCF letter and on September 5, 2006, the PCF sent plaintiff's attorney another letter stating that the request for a medical review panel was invalid and without effect and would no longer be considered filed.
According to the memorandum, plaintiff's attorney lodged a subsequent complaint *564 with the Division of Administration by letter dated September 20, 2006 and forwarded a check for $200.00. The memorandum states the PCF responded with a letter acknowledging receipt of the complaint and check and directed the attorney to continue the panel process.
In the memorandum, defendants argue the plaintiff's claim is prescribed because the complaint filed by letter dated April 17, 2006 and May 22, 2006 were without effect due to plaintiff's failure to pay the fee, submit an affidavit from a physician, or submit a forma pauperis ruling. Defendants contend the complaint filed by letter dated September 20, 2006 was more than one year from the date of death and thus has prescribed. The letters to and from the plaintiff's attorney and the PCF were attached to the memorandum.
On March 16, 2007, plaintiff filed an Opposition to the Exception of Prescription arguing that prescription did not begin to run from the date of death because plaintiff did not have knowledge of facts to suggest that the death was the result of improper treatment. Plaintiff states that she received a report on March 7, 2006 analyzing the treatment rendered and suggesting that defendant's actions constituted malpractice. Plaintiff contends that the complaint filed September 20, 2006 is within one year of her discovery of the cause of action and thus was timely filed.
On June 20, 2007, plaintiff filed a Supplemental Memorandum in Opposition to the Exception of Prescription. In this memorandum, plaintiff argues that the April 17, 2006 complaint was valid because the statute is silent as to the time period for when the ruling on the forma pauperis proceeding must occur. Plaintiff reasons that because the trial court signed an order on September 26, 2006 allowing plaintiff to proceed in forma pauperis, no fee was required to be paid when she filed her complaint and thus the April 17, 2006 complaint is valid.
In the alternative, plaintiff argues that defendants have the burden of proving prescription and since defendants have no evidence to show when plaintiff discovered defendants' negligence the September 20, 2006 complaint was timely filed based on plaintiff's contention that the negligence was not discovered until receipt of the March 7, 2006 report.
Plaintiff submits another alternative argument that prescription was suspended from the date of filing the first complaint, April 17, 2006, and the date of death, July 14, 2005, allowing plaintiff an additional three months to file a complaint. Thus, plaintiff reasons that the September 20, 2006 complaint was timely filed.
Defendants filed a reply memorandum refuting these additional arguments. Defendants contend that since the April 17, 2006 complaint was without effect, and the September 20, 2006 complaint is prescribed on its face, the burden shifts to plaintiff to prove the matter is not prescribed. Defendants contend that plaintiff's statement that the negligence was not discovered until March 7, 2006 is not sufficient to prove the matter has not prescribed.
Defendants' motion came for hearing on August 8, 2007. At the conclusion of the hearing, the trial court granted the defendants' exception.
LAW AND DISCUSSION:
LSA-R.S. 9:5628 controls the prescriptive period for medical malpractice actions stating that an action for damages against a health care provider must be brought within one year of the date of discovery of the alleged act and in any event within three years of the date of the alleged negligent act. In a medical malpractice action, the health care provider *565 can assert an Exception of Prescription at any time without regard to whether the medical review panel process is complete. LSA-R.S. 40:1299.47 A(2)(a). Given this procedural posture, the party asserting a suspension or interruption of prescription bears the burden of proof. See, In re Medical Review Panel Claim of Moses, 002-2543, p. 6, (La.5/25/01), 788 So.2d 1173, 1177.
At the hearing on this matter, plaintiff's counsel acknowledged the required fee was not forwarded to the PCF within 45 days of the PCF letter stating the fee was due; however, he argued this was not fatal to the claim filed in the letter of April 17, 2006. Plaintiff's counsel argued the statute does not state when the ruling on the forma pauperis must be filed and that the forma pauperis ruling filed with the PCF on September 20, 2006 was sufficient to exempt plaintiff from paying the required fee. Defendants argued the time period for submitting the forma pauperis ruling is 45 days from the date of the mailing of the confirmation of the receipt of the request.
We agree with defendants' position. LSA-R.S. 1299.47 A(1)(e) states that failure to comply with the provisions requiring either the fee, an affidavit from a physician, or a forma pauperis ruling "within the specified time frame", which is listed as 45 days in subsection (c), renders the initial request for review of a malpractice claim invalid and without effect. Igwike v. Memorial Medical Center, XXXX-XXXX (La.App. 4th Cir.5/23/07), 959 So.2d 562.
In the alternative, plaintiff's counsel argued the September 20, 2006 complaint was timely based on the malpractice being discovered on March 7, 2006. He explained that the procedure at his law firm is to hire a physician to review a client's possible medical malpractice claim. In plaintiff's case, they waited until they received the report from the reviewing physician to file this claim. He contends the report received on March 7, 2006 is the date the plaintiff discovered there was malpractice; therefore, prescription began to run on that date.
We disagree with that argument. In a malpractice case in which the victim of the alleged malpractice dies, the damage resulting from the alleged malpractice is readily apparent. Thus, in a malpractice action for wrongful death, the prescriptive period begins running on the date of the malpractice victim's death since that is the date the claimants are injured. Ford v. Rapides Healthcare System, L.L.C., XXXX-XXXX (La.App. 3 Cir. 5/2/07), 957 So.2d 258, writ denied XXXX-XXXX (La.10/12/07), 965 So.2d 403. In the case at bar, plaintiff argues it was prudent to wait for the report of a physician to determine whether malpractice had occurred and thus prescription did not begin to run until the receipt of that report suggesting there was malpractice. A claimant is not required to be informed by a medical practitioner or an attorney of possible medical malpractice before the prescriptive period begins to run. Abbott v. Louisiana State University Medical Center-Shreveport, 35,693 (La. App. 2 Cir. 2/27/02), 811 So.2d 1107, writ denied, XXXX-XXXX (La.5/31/02), 817 So.2d 104. In the case at bar, the plaintiff does not dispute that her mother died on the date a catheter was improperly placed by Dr. Ross, causing her to bleed into her thoracic cavity. Plaintiff does not argue that the defendants took some action to mislead or cover up information that would have prevented her discovering her mother's death was the result of improper treatment. Her argument that the prescription ran from the date of receipt of the report from the physician who reviewed *566 the medical records is without merit.
On appeal, plaintiff argues the trial court erred in granting an Exception of Prescription because the defendants failed to introduce any evidence. Documents not offered into evidence cannot be considered on appeal even though they may be physically present in the record on appeal. Ray Brandt Nissan, Inc. v. Gurvich, 98-634 (La.App. 5 Cir. 1/26/99), 726 So.2d 474. However, when evidence is introduced at the hearing on the peremptory exception of prescription, the appellate court reviews the district court's ruling under the manifest error standard of review. Ford v. Rapides Heathcare System, L.L.C., supra. Plaintiff introduced a supplemental complaint and a forma pauperis order into the record during the hearing on the exception.
In a wrongful death action, prescription begins to run from the date of death. Plaintiff has not provided the court with evidence that the defendant covered up information or in any way prevented her from discovering the cause of death. Plaintiff presented no evidence to support a suspension or interruption of the one year prescriptive period that began on the date of death. Thus, we find no abuse of discretion in the trial court's grant of defendant's Exception of Prescription.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.