IN RE: MEDICAL REVIEW PANEL
PROCEEDINGS OF DON SINGLETON

NO. 23-CA-190

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 793-446, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

February 28, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and John J. Molaison, Jr.

**AFFIRMED**
    **SMC**
    **JGG**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DON SINGLETON
    Ann M. Johnson-Griffin

COUNSEL FOR DEFENDANT/APPELLEE,
WARREN R. BOURGEOIS, III, M.D.
    C. William Bradley, Jr.
    Christoper R. Handy

**CHEHARDY, C.J.**

In this medical malpractice action, plaintiff, Don Singleton, appeals the trial court's September 21, 2021 judgment that sustained an exception of prescription filed by defendant, Dr. Warren R. Bourgeois, III, dismissing Mr. Singleton's claims against Dr. Bourgeois with prejudice. For the following reasons, we affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 6, 2019, Mr. Singleton filed a request for a medical review panel against Dr. Warren R. Bourgeois, III, with the Louisiana Division of Administration ("DOA"), LPCF File No. 2019-00147. In his request, Mr. Singleton alleged that in or around May 2017, Dr. Bourgeois negligently performed a cervical procedure on him whereby he removed degenerative discs and implanted prosthetic devices, resulting in injury to Mr. Singleton. Mr. Singleton also alleged in his request that he did not discover the alleged malpractice by Dr. Bourgeois until February 10, 2018, when he experienced a sudden onset of excruciating pain as he was "walking home from a Mardi Gras function at his local church[.]"

Dr. Bourgeois responded to Mr. Singleton's request by filing a Petition to Institute Discovery Docket in the 24th Judicial District Court. Later, Dr. Bourgeois filed a peremptory exception of prescription alleging that Mr. Singleton's action was untimely filed and, thus, prescribed. In support of his exception, Dr. Bourgeois attached an affidavit wherein he attested that he did not perform a cervical procedure on Mr. Singleton in May 2017, and that the only cervical surgery or cervical procedure of any kind that he performed on Mr. Singleton occurred on October 22, 2013. Attached to Dr. Bourgeois' affidavit was his two-page operative report from the 2013 cervical procedure. Dr. Bourgeois argued that Mr. Singleton's February 6, 2019 medical review panel request, filed more than five years after the date of the cervical procedure that he performed on Mr.

Singleton, was prescribed, as to both the one-year and three-year prescriptive periods for medical malpractice actions provided in La. R.S. 9:5628. Additionally, in the alternative, Dr. Bourgeois argued that, even if May 2017 was the correct date of the procedure for which malpractice was alleged, Mr. Singleton presented "no evidence to carry his burden of showing that his February 6, 2019 panel request was timely," given that it was filed more than one year after the date of the alleged malpractice.

In response to Dr. Bourgeois' exception of prescription, Mr. Singleton filed with the trial court a motion and order for leave of court to file a First Amended and Supplemental Petition for medical malpractice, in which he clarified that the actual May 2017 procedure that Dr. Bourgeois allegedly negligently performed on him was a *lumbar* procedure, not a cervical procedure. The trial court granted Mr. Singleton's motion and allowed the purported first amended and supplemental petition to be filed into the trial court record prior to the hearing on Dr. Bourgeois' peremptory exception of prescription. Mr. Singleton then filed a memorandum in opposition to Dr. Bourgeois' exception in which he argued that his amended and supplemental petition, which corrected the "typographical error" in his original request for a medical review panel that described the procedure performed by Dr. Bourgeois as a cervical procedure rather than a lumbar procedure, rendered Dr. Bourgeois' exception of prescription moot.

Dr. Bourgeois' exception of prescription came for a hearing on June 12, 2019.[1] Based on the evidence admitted at the hearing, the trial court sustained Dr.

---

[1] At the hearing, Dr. Bourgeois introduced as evidence Mr. Singleton's February 6, 2019 medical review panel request, the DOA's February 18, 2019 acknowledgement of that request, his own April 4, 2019 affidavit regarding the date of the cervical procedure that he performed on Mr. Singleton, and his October 22, 2013 two-page dictated operative report for that procedure. Despite the argument of Mr. Singleton's counsel, that "[t]here are medical records. I have not attached any but the medical records do exist evidence in that [Mr. Singleton] was not even aware that the May 2017 surgery was faulty until the event occurred in [February] 2018," Mr. Singleton did not introduce any evidence at the hearing on the exception. Instead, Mr. Singleton relied on his purported First Amended and Supplemental Petition to establish that the procedure for which he was requesting a medical review panel was in fact a lumbar procedure, rather than a cervical procedure, and that the May 2017 date alleged was the correct date of that procedure. Neither party called any witnesses to testify at the hearing.

Bourgeois' exception and dismissed Mr. Singleton's lawsuit with prejudice. Plaintiff appealed (hereafter *Singleton I*).[2] On appeal, this Court amended the trial court's June 12, 2019 judgment, affirmed the judgment as amended, and remanded the matter to give Mr. Singleton 20 days to amend his medical malpractice complaint, specifically to remove the allegedly incorrect dates of surgery and/or discovery of the alleged malpractice. *See In re Singleton*, 19-578 (La. App. 5 Cir. 9/2/20), 303 So.3d 362.[3]

Following remand, on or about September 16, 2020, Mr. Singleton sent a First Supplemental and Amending Complaint to the DOA, wherein he requested that his original complaint be amended to allege malpractice as to a lumbar procedure performed by Dr. Bourgeois in May 2017, and to replace all references to "cervical" and "neck" with "lumbar" and "back." As a result, the DOA assigned Mr. Singleton's supplemental and amending complaint a new file number, LPCF File No. 2020-01086.[4]

On June 21, 2021, in response to Mr. Singleton's new supplemental and amending complaint, Dr. Bourgeois filed a second or re-urged peremptory exception of prescription, which came for a hearing on July 28, 2021. At the hearing on the exception, Dr. Bourgeois introduced evidence showing that the alleged May 2017 lumbar surgery actually occurred on May 10, 2016, as evidenced by his two-page operative report for a lumbar procedure (decompressive laminectemies with medial facetectomies and foraminolomies and diskectomies at

---

[2] The June 12, 2019 judgment sustaining Dr. Bourgeois' exception of prescription also ordered that the medical malpractice complaint that Mr. Singleton filed with the DOA, captioned *Don Singleton v. Warren Bourgeois*, LPCF File No. 2019-00147, be dismissed with prejudice and that the pending medical review panel proceeding in the matter be dissolved. On June 19, 2019, the Patient's Compensation Fund notified all parties, via certified mail/return receipt requested, that the medical review panel had been dissolved. Subsequently, on June 21, 2019, Mr. Singleton filed a motion for new trial, which was subsequently denied on July 31, 2019.

[3] In *Singleton I*, this Court did not address dissolution of the medical review panel in LPCF File No. 2019-00147.

[4] Mr. Singleton's supplemental and amending complaint, LPCF File No. 2020-01086, received by the DOA on September 18, 2020, was noted as filed on September 16, 2020.

L4-5 and L5-S1, and posterior and bilateral posterolateral fusions) that he performed on Mr. Singleton. Additionally, Dr. Bourgeois introduced medical records from the WBMH Emergency Department, evidencing that Mr. Singleton first experienced excruciating pain when he presented to the ER on November 21, 2017, at which time he complained of "acute, constant, 8/10 'stabbing' bilateral *lower back pain* radiating to his bilateral hips and lateral aspect of his bilateral thighs. …" [Emphasis added.] Dr. Bourgeois argued that, based on the only extrinsic evidence presented, both Mr. Singleton's February 2019 and September 2020 medical malpractice complaints were prescribed as they were filed more than one year after November 21, 2017, the actual date of delayed discovery.

In response, counsel for Mr. Singleton orally argued that even though Mr. Singleton complained of back pain when he presented to the WBMH Emergency Department on November 21, 2017, he did not learn at that time that the pain he was experiencing was a result of the hardware Dr. Bourgeois placed in his back during the May 2016 surgery that had come loose. Counsel for Mr. Singleton further orally argued that in February 2018, Mr. Singleton was again in pain and presented to the emergency room, was prescribed medication, and advised to follow up with his orthopedic surgeon. Before Mr. Singleton could make the recommended appointment with his surgeon, however, he again presented to the emergency room complaining of back pain and while there, was seen by Dr. Bourgeois, who ordered an MRI. Counsel for Mr. Singleton argued that it was not until the MRI results were reviewed, and Dr. Bourgeois referred Mr. Singleton to Dr. Andrew Todd, an orthopedic specialist, who advised Mr. Singleton that the hardware in his back had come loose requiring additional surgery, that Mr. Singleton discovered that Dr. Bourgeois had committed malpractice. Counsel for Mr. Singleton, however, did not introduce any evidence at the hearing to substantiate his oral arguments in favor of a February 2018 delayed discovery date.

At the close of the hearing, the trial court took the matter under advisement, and on September 21, 2021, based on the evidence actually admitted at the July 28, 2021 hearing, issued judgment sustaining Dr. Bourgeois' exception of prescription, with written reasons, stating in part:

> Defendant admitted evidence that on November 21, 2017 plaintiff reported to the ER with back pain that was severe and radiating into both of his legs. Based on this, this Court finds that November 21, 2017 is the date of delayed discovery of alleged malpractice and thus a malpractice claim would have to be filed within one year of this November 21, 2017 date. As such both the original and supplemental claims (filed by Don Singleton on February 6, 2019, LPCF No. 2019-00147, and on September 16, 2020, LPCF No. 2020-01086) are prescribed.

On October 20, 2021, Mr. Singleton timely filed an appeal of the trial court's September 21, 2021 judgment. On December 10, 2021, the trial court issued a notice of estimated costs of appeal, specifying that Mr. Singleton had 20 days to pay those costs. On December 29, 2021, rather than paying the costs, Mr. Singleton filed a supplemental and amending motion and notice of intent to file an appeal and for an extension of time to pay court costs. In his motion, Mr. Singleton moved the court to designate into the appellate record the lower court filings starting from July 28, 2021, to date, and in accordance with La. C.C.P. art. 2125, and moved the court to grant an extension of time to determine new court costs and to fix a new return date. Allegedly unaware that Mr. Singleton had filed his December 29, 2021 motion, on January 3, 2022, Dr. Bourgeois filed a motion to dismiss the appeal as abandoned. Mr. Singleton opposed Dr. Bourgeois' motion to dismiss. On February 23, 2022, the parties' respective motions came for a hearing. That same day, but prior to the actual hearing, Mr. Singleton filed the estimated court costs. On March 3, 2022, the trial court issued judgment denying Mr. Singleton's motion and granting Dr. Bourgeois' motion to dismiss the appeal. Mr. Singleton timely appealed that ruling. On March 1, 2023, following the

reasons this Court previously set forth in *Reed v. ColumbiaHCA Info. Serv., Inc.*, 99-1315 (La. App. 5 Cir/ 2/8/ 17), 761 So.2d 625, 628-29, we reversed the trial court's judgment and remanded the matter finding that, because appeals are favored, and because the record showed that Mr. Singleton had paid the estimated appeal costs before the scheduled contradictory hearing, the motion to dismiss was moot under those circumstances. *In re Singleton*, 22-285 (La. App. 5 Cir. 3/1/22), 360 So.3d 70 (*Singleton II*). Consequently, Mr. Singleton's appeal of the trial court's September 21, 2021 judgment granting Dr. Bourgeois' exception of prescription and dismissing Mr. Singleton's medical malpractice claims with prejudice was reinstated.

**ASSIGNMENT OF ERROR**

In his sole assignment of error, Mr. Singleton avers that the trial court committed manifest error and abused its discretion when it granted Dr. Bourgeois' peremptory exception of prescription on the evidence presented.

**LAW AND DISCUSSION**

*Standard of Review*

Our jurisprudence reflects that the standard of review of a judgment pertaining to an exception of prescription turns on whether evidence is introduced at the hearing of the exception. La. C.C.P. art. 931 expressly allows evidence to be introduced to support or controvert any of the objections pleaded on the trial of the peremptory exception, when the grounds thereof do not appear from the petition. If no evidence is submitted at the hearing, the exception "must be decided upon the facts alleged in the petition with all of the allegations accepted as true." *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, 21-00061 (La. 10/10/21), 333 So.3d 368, 373. In that case, the reviewing court is simply assessing whether the trial court was legally correct. *In re Med. Rev. Panel of Gerard Lindquist*, 18-444 (La. App.

5 Cir. 5/23/19), 274 So.3d 750, 754, *writ denied*, 19-01034 (La. 10/1/19), 280 So.3d 165.

When evidence is introduced at the hearing on a peremptory exception of prescription, the trial court's findings of fact are reviewed under a manifest error-clearly wrong standard of review. *Lomont v. Bennett*, 14-2483 (La. 6/20/15), 172 So.3d 620, 627; *Carter v. Ochsner Clinic Foundation*, 07-880 (La. App. 5 Cir. 3/11/08), 978 So.2d 562, 566, *writ denied*, 08-0936 (La. 8/29/08), 989 So.2d 99.[5] Under the manifest error standard, if those factual findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.*; *see also Burke v. Cohen*, 19-544 (La. App. 5 Cir. 5/28/20), 296 So.3d 1231, 1236.

In the instant matter, documentary evidence was introduced by Dr. Bourgeois at the hearing. Mr. Singleton submitted no controverting evidence, but instead, relied upon the allegations set forth in his medical malpractice complaint and the argument of his counsel. Accordingly, we apply the manifest error-clearly wrong standard of review.

***Prescription and Contra Non Valentum***

The prescriptive period for medical malpractice actions is set forth in La. R.S. 9:5628(A), which states, in pertinent part:

> No action for damages for injury or death against any physician, … arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the

---

[5] A caveat to this rule is that, even when evidence is introduced, when there is no dispute regarding material facts, the reviewing court is to apply a *de novo* standard of review, and give no deference to the trial court's legal conclusions. *Mitchell*, 333 So.3d at 373. In the instant case, the record clearly demonstrates that issues in this case are not purely legal. Factual determinations were required by the trial court with respect to whether the date of discovery of the alleged malpractice was February 2018, as Mr. Singleton alleged in his complaint, or at the earlier date of November 2017, as substantiated by the documentary evidence introduced at the hearing by Dr. Bourgeois.

> date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

Thus, pursuant to La. R.S. 9:5628, the general rule is that a victim has one year from the date of the alleged malpractice to bring his claim for damages. However, La. R.S. 9:5628 also recognizes an exception to this general rule in cases where the claimant contends that he was initially unaware of the malpractice and that there has been a delay in his discovery of the malpractice.[6] The language of La. R.S. 9:5628 makes clear, however, that this *contra non valentum* type exception to the general one-year prescriptive period is expressly made inapplicable after three years from the act, omission, or neglect. *Borel v. Young*, 07-0419 (La. 11/27/07), 989 So.2d 42, 63, *reh'g granted* (La. 7/1/08). Under this rule, commonly known as the "discovery rule," the one-year prescriptive period begins to run on the date the injured party "obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Campo v. Correa*, 01-2707 (La. 6/21/02), 828 So.2d 502, 509. A prescriptive period begins to run even if the injured party does not have actual knowledge of facts that would entitle him to bring suit, as long as he has constructive knowledge of such facts. Constructive knowledge is "whatever notice is enough to excite attention and put the injured person on guard and call for inquiry," which is tantamount to notice of "everything to which a reasonable inquiry may lead." *Id.* at 510-11; *Jenkins v. Starns*, 11-1170 (La. 1/24/12), 85 So.3d 612, 617. Thus, a plaintiff is imputed with whatever knowledge a reasonable inquiry or investigation would reveal. *In re Medical Review Panel of Heath*, 21-01367 (La. 6/29/22), 345 So.3d 992, 996; *In re Posess*, 22-18 (La. App. 5 Cir. 9/28/22), 349 So.3d 1082, 1089. When a plaintiff has knowledge of facts

---

[6] This exception is a codification of the jurisprudentially created fourth category of *contra non valentum*, also known as the "discovery rule." *See In Re: Medical Review Panel of Gerard Lindquist*, 18-444 (La. App. 5 Cir. 5/23/19), 274 So.3d 750, *writ denied*, 19-1034 (La. 10/1/19), 280 So.3d 165.

strongly suggestive that the untoward condition or result may be the result of improper treatment, and there is no effort by the health care provider to mislead or cover up information which is available to the plaintiff through inquiry or professional medical or legal advice, then the cause of action is reasonably knowable to plaintiff. *Carter*, 892 So.2d at 1273. The law of prescription, however, does not require that the plaintiff be informed by a medical practitioner or an attorney of possible malpractice before the prescriptive period begins to run. *Mitchell*, 333 So.3d at 381. Additionally, determinations as to whether *contra non valentum* applies to suspend prescription generally proceed on an individual, case-by-case basis. *Mitchell*, 333 So.3d at 374.

### Burden of Proof

Ordinarily, the exceptor bears the burden of proof at trial of the peremptory exception, including prescription. *Woods v. Cousins*, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, *writ denied*, 12-2452 (La. 1/11/13), 107 So.3d 617. Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to enforced. *Burke*, 296 So.3d at 1236.

Mr. Singleton's argument is that the factual allegations set forth in his complaint, pled with particularity, support his assertion that he did not discover Dr. Bourgeois' malpractice until February 2018, while attending a Mardi Gras event at his church, prompting him to seek emergency medical treatment. Thereafter, Dr. Todd advised him that the hardware Dr. Bourgeois placed in his back during the May 2016 surgery had come loose and that he would need additional surgery as a result. Thus, according to Mr. Singleton, the burden on the exception of prescription remained with Dr. Bourgeois, since his complaint made a *prima facie* showing that it was filed timely. Further, Mr. Singleton argues that Dr. Bourgeois failed to carry his burden of establishing an earlier discovery date because the November 21, 2017 medical record from WBMH Emergency Department upon

which he relies, showing that Mr. Singleton complained of back pain, is nothing more than a report of severe and radiating back pain. No diagnosis was rendered and no explanation was given to Mr. Singleton on that date as to the cause of his back pain, and, thus, he contends it was insufficient to constitute Mr. Singleton's having constructive knowledge of a possible tort action.[7]

In response, Dr. Bourgeois contends that, as the mover, he properly carried his burden of proving that Mr. Singleton's complaint was prescribed by introducing documentary evidence that Mr. Singleton's "excruciating pain," which allegedly tipped him off during Mardi Gras of 2018 that there was a problem, had actually occurred three months prior in November 2017, when Mr. Singleton presented to the WBMH Emergency Department complaining of 8/10 "stabbing" pain in his back radiating down both of his legs. Consequently, because both Mr. Singleton's February 2019 and September 2020 complaints were filed more than one year from November 2017, Dr. Bourgeois contends they were prescribed.

Dr. Bourgeois argues that, having satisfied his burden of proof as the mover, the burden then shifted to Mr. Singleton to introduce documentary or testimonial evidence to controvert the earlier November 2017 date of discovery, and to substantiate the alleged February 2018 discovery date set forth in his complaint. Mr. Singleton, however, did not offer and introduce any evidence to support the assertions made in his complaint, either at the trial on the exception, or at the subsequent hearing on the motion for new trial. Consequently, Dr. Bourgeois argues that, based on the only evidence presented at the hearing, the trial court was not manifestly erroneous or clearly wrong in sustaining his exception of prescription.

---

[7] Louisiana Revised Statute 13:3714 states that certified medical records shall be received in evidence by such court as *prima facie* proof of its contents, provided that the party against whom the bills, medical narrative, chart, or record is sought to be used may summon and examine those making the original of the bills, medical narrative, chart, or record as witnesses under cross-examination. Mr. Singleton did not challenge the authenticity or veracity of the November 2017 WBMH Emergency Department medical record or otherwise object to its admissibility.

We agree with Dr. Bourgeois' arguments. Based on the documentary evidence submitted by Dr. Bourgeois at the hearing, uncontroverted by Mr. Singleton, the trial court made the factual finding that the discovery date of the alleged malpractice was the date of Mr. Singleton's emergency room visit on November 21, 2017, and not the February 10, 2018 date alleged by Mr. Singleton in his complaint, as that date was not substantiated by either documentary or testimonial evidence. Other than the bare allegations contained in his complaint and the unsubstantiated arguments presented by his counsel, Mr. Singleton offered no documentary or testimonial evidence at the hearing either to support his claim that he first learned in February 2018 that Dr. Bourgeois' actions in performing the May 2016 surgery were the cause of his "excruciating" back pain, or to controvert that he actually had constructive notice of Dr. Bourgeois' alleged negligence when he presented for emergency medical treatment for his back pain in November 2017. Because Dr. Bourgeois introduced competent evidence to support the assertion that Mr. Singleton's cause of action had prescribed, and Mr. Singleton did not introduce any evidence in support of his claim that the delayed date of discovery of possible malpractice in February 2018 was reasonable in this matter, we find no manifest error in the trial court's finding that Mr. Singleton's medical malpractice claim had prescribed.[8]

## DECREE

For the foregoing reasons, we find the trial court did not err in sustaining Dr. Bourgeois' peremptory exception of prescription. We therefore affirm the judgment under review.

**AFFIRMED**

---

[8] Having found that, based on the evidence presented by Dr. Bourgeois at the hearing on his exception of prescription, Mr. Singleton's medical malpractice complaint had prescribed, we pretermit discussion of whether Mr. Singleton's supplemental and amended medical malpractice complaint filed in September 2020 (his original complaint having been dismissed by the PCF in June 2019, and never procedurally "revived" by Mr. Singleton through a writ of mandamus), which reiterated a February 2018 delayed discovery date of Dr. Bourgeois' purported malpractice, was prescribed on its face.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 28, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-190

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
ANN M. JOHNSON-GRIFFIN (APPELLANT)      VELEKA ESKINDE (APPELLANT)      C. WILLIAM BRADLEY, JR. (APPELLEE)
CHRISTOPER R. HANDY (APPELLEE)

**MAILED**