MURPHY, J.
|! Plaintiffs have appealed the trial court’s judgment granting the defendants’ exceptions- of prescription regarding their claim for wrongful death in this medical malpractice case. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
Plaintiffs are the surviving wife- and adult children of decedent Ralph Guidry. Mr. Guidry, who was seventy-seven years old at the time of his death, suffered from vascular dementia. In 2014, he had become increasingly difficult to care for and moved into an assisted living facility. While in that facility, he exhibited inappropriate sexual behavior and was aggressive with the staff and .other residents. After punching a female resident in the face, Mr. Guidry was admitted to Oceans Behavioral Hospital of Gretna (“Oceans”) on October •19, 2014. .While in Oceans, he was under the care of Dr. Kaleem Arshad and Dr. Koa Tran. He was placed on various psychotropic medications in an attempt to decrease his aggressiveness and inappropriate behavior. During the early morning hours of November 4,. 2014, Mr. Guidry was found on the floor of his room. He was assisted to the bathroom to be cleaned. While in the bathroom, he became unresponsive. Despite aggressive attempts at resuscitation, Mr. Guidry died.
An autopsy[1] dated November 5, 2014 diagnosed Mr. Guidry with bilateral pulmonary emboli with deep vein thrombosis. Mr. Guidry’s death certificate, which was issued on February 9, 2015, listed Mr. Guidry’s cause of death as “bilateral pulmonary emboli with deep leg vein thrombosis.”
On October 22, 2015, well within one year of decedent’s death, plaintiffs filed a claim with the Division of Administration against Oceans and. Drs. Arshad |aand Tran, requesting that a Medical Review Panel be formed to review the care rendered to Mr, Guidry. The claim alleged that the dates of medical malpractice, were from October 19, 2014 through November 4, 2014, The claim alleged that interventions were not implemented to reduce the risk of fall for Mr. Guidry and that he had suffered more than one fall and was injured. The claim alleged that Mr. Guidry was administered medications that were ordered by Drs. Arshad and Tran and that Mr. Guidry was sedated and physically restrained in a Geri-chair. The claim further alleged: “Mr. Guidry’s confinement *1172 coupled with the chemical rendered him immobile and at increased risk for a venous thrombus embolus. Mr. Guidry’s venous thrombus embolus risk was not properly identified nor were any interventions prescribed to reduce the risk of venous thrombus embolus.” The claim additionally alleged: “As a result of the breaches in the standard of care by defendants, Ralph Gui-dry fell and became injured and was subsequently locked into a chair and given significant doses of sedating medications causing him to develop a venous thrombus and embolus that progressed to a Pulmonary Embolus.” The claim stated that as a result of the improper treatment, Mr. Gui-dry suffered emotional distress, anxiety, loss of enjoyment of life, scarring, medical expenses, and premature death. The claim stated that defendants are liable to plaintiffs for the loss of consortium of their Spouse and father and for mental anguish and anxiety experienced as a result of Mr. Guidry’s unexpected death.
In a certified letter dated October 28, 2015, the Medical Malpractice Compliance Director of the Division of Administration informed plaintiffs’ attorney that pursuant to La. R.S. 40:1231.8(A)(l)(c) “a filing fee of $100 per qualified defendant must be received by the Patient’s Compensation Fund within 45 days of the postmark of this notice without exception.” The letter went on to state: “Please remit full payment to the Patient’s Compensation Fund in the amount of $300.00.” The letter further stated that the fee may only be waived | supon receipt of an affidavit from a physician or a district Court’s in forma pauperis ruling. Finally, the letter stated: “Failure to comply shall render the request invalid and without effect and shall not suspend the time within which suit must be instituted.” By certified letter dated December 18, 2015, the Medical Malpractice Compliance Director of the Division of Administration informed plaintiffs’ attorney that it had not received the filing fee, that he had failed to comply within the time allowed, and that the claim previously filed was invalid and without effect.
On December 22, 2015, more than one year after the decedent’s death, plaintiffs filed a claim with the Division of Administration against Oceans and Drs. Arshad and Tran, requesting that a Medical Review Panel be formed to review the care rendered to Mr. Guidry. In this claim, plaintiffs state that after reviewing the autopsy, Mrs. Guidry believed that Mr. Guidry died of natural causes. The claim explains that a few weeks after Mr. Gui-dry’s death, Mrs. Guidry obtained an incomplete copy of Mr. Guidry’s medical record from Oceans and arranged for this record to be reviewed by a nurse. The nurse informed her that the record was incomplete. A certified complete copy of the records was received on June 22, 2015. The claim states that Mrs. Guidry met with her attorney and the nurse on August 25, 2015 when she was informed for the first time that Mr. Guidry’s death “was due to improper medical treatment and that his death was not a natural progression of Alzheimer’s disease.” The same allegations made in the October 22, 2015 claim regarding improper treatment by Oceans and Drs. Arshad and Tran are repeated in this claim. This claim alleged that the defendants are liable for the survival claim of Mr. Guidry and the wrongful death claims of the plaintiffs.
On May 5, 2016, a Petition to Institute Discovery was filed in the 24th Judicial District Court by Drs. Arshad and Tran requesting that this matter be allotted to facilitate the provisions of the medical review panel proceeding. This Rrequest was *1173 granted. On that same date, Dr. Arshad and Tran filed an Exception of Prescription stating that the October 19, 2015 claim was without effect and that the December 22, 2015 claim was prescribed on its face since it was filed more than a year after Mr. Guidry’s death. On June 27, 2015, Oceans filed an Exception of Prescription arguing that despite constructive knowledge, plaintiffs did not file their claim within one year of the alleged malpractice and the claim should be dismissed.
Plaintiffs opposed the exceptions of prescriptions, arguing that Mrs. Guidry did not suspect malpractice until a nurse deciphered the medical records. Plaintiffs contend that prescription did not begin to run until the date of discovery of the malpractice. Plaintiffs contend that because the claim was filed within one year of the date of discovery of the malpractice, the claim filed on December 22, 2015 was not untimely.
Following a hearing on the motions, the trial court overruled the exceptions of prescription with respect to the survival claim. The trial judge asked for further memo-randa on the issue of whether the wrongful death claims were barred by the one-year prescriptive period starting from the date of Mr. Guidry’s death. The trial judge then rendered judgment sustaining the exceptions of prescription regarding the wrongful death claims. Plaintiffs seek review of the judgment sustaining the exceptions of prescription with respect to the wrongful death claims.[2]
LAW AND DISCUSSION
Prescription is a peremptory exception which is provided for in Louisiana Code Civil Procedure article 927. Evidence may be introduced in support of or contravention of the exception if the grounds are not apparent from the petition. La. C. C.P. art. 931. When evidence is introduced at the hearing on the exception |Bof prescription, an appellate court reviews the ruling on the exception under the manifest error standard of review. London Towne Condo. Homeowner’s Ass’n v. London Towne Co., 06-401 (La. 10/17/06), 939 So.2d 1227, 1231. When no evidence is introduced, the appellate court “simply determines whether the trial court’s finding was legally correct.” Dugas v. Bayou Teche Water Works, 10-1211 (La. App. 3 Cir. 4/6/11), 61 So.3d 826, 830. Generally, the burden of proof lies on the party pleading the exception of prescription. Id. However, if it is apparent from the face of the pleadings that action is prescribed, the burden shifts to the plaintiff to show that the action has not prescribed. Id.
The prescriptive period governing medical malpractice claims, codified in La. R.S. 9:5628(A), provides in pertinent part:
No action for damages for injury or death against any physician ... hospital or nursing home duly licensed under the laws of this state ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
*1174 In a medical malpractice- case in which the patient of the alleged malpractice dies, the damage resulting from the alleged malpractice, i.e., the patient’s death, is immediately apparent. Carter v. Ochsner Clinic Found., 07-889, (La. App. 5 Cir. 03/11/08), 978 So.2d 562, 566, writ denied, 08-0936 (La. 08/29/08), 989 So.2d 99. The Louisiana Supreme Court discussed the application of the one-year prescriptive period with.respect to damages that are-immediately apparent in In re Medical Review Panel for Claim of Moses, 00-2643, (La. 5/25/01), 788 So.2d 1173, 1178 stating:
[A] one-year prescription period (which parallels the general tort period) is the general rule, which applies to all types of medical malpractice actions. Under this general rule, such actions prescribe Rone year from the date of the alleged act, omission or neglect. This rule applies when the damages are immediately apparent.
The Louisiana Supreme Court earlier had discussed the prescriptive period for a wrongful death claim asserted in a medical malpractice action in Taylor v. Giddens, 618 So.2d 834, 836 (La.1993) stating:
[Louisiana Revised Statutes] 9:5628 provides the prescriptive period for survival actions but does not provide the prescriptive period for wrongful death actions ... The commencement and running of the prescriptive period for the wrongful death action is controlled by the one, year liberative period applicable to delictual actions....
Delictual actions have a prescriptive period of one year which begins to run from the date the injury or damage is sustained. La. C.C. art. 3492. The Taylor court further explained that although the survival action and wrongful death claim both arise from a common tort, survival and wrongful death actions are separate and distinct. Taylor, 618 So.2d at 840. The wrongful death action, which compensates the beneficiaries for their own injuries suffered from the moment of the victim’s death, does not arise until the victim dies. Id. The Court held, that the prescriptive period for wrongful death claims arising from acts of medical malpractice is not controlled by the prescriptive period provided,for in La. R.S. 9:5268(A). Id. at 841. The Taylor court concluded that the wrongful death prescriptive period begins to run on the date of the victim’s death because that is the date that the claimants are injured. Id.
On appeal, plaintiffs argue that the trial court erred in refusing to apply the doctrine of contra non valentem to this wrongful death claim.
The doctrine of contra non va-lentem applies as an exception to the statutory prescriptive period where a plaintiff is unable to exercise his cause 'of action when it accrues. The Supreme Court has recognized four instances where contra non valentem can apply: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance ' of or acting on the plaintiffs factions; (2) where there was some condition-coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectively to prevent the creditor from availing himself of his cause of action; or (4) where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by'the defendant. Wimberly v. Gatch, 93-2361 (La. 4/11/94), 635 So.2d 206, 211. The doctrine of contra non valentem only applies in “exceptional circumstances.” Spe *1175 cialized Loan Servicing, L.L.C. v. January, 12-2668 (La. 06/28/13), 119 So.3d 582, 585; La. C.C. art. 3467, Official Revision Comment (d).
This court has held that when the victim of an alleged act of medical malpractice dies, the damage resulting from the alleged malpractice, i.e., the victim’s death, is immediately apparent. Carter, supra. The Supreme Court explained in Taylor, supra, that a wrongful death claim is not the same as a malpractice claim and wrongful death claims are not necessarily dependent on the presence of a viable malpractice claim. Taylor, 618 So.2d at 841. In a wrongful death action based on medical malpractice, the date of the malpractice victim’s death determines when the prescriptive period commences running, since the date of death is the date the claimants are injured. Id.
Plaintiffs argue that the fourth category of contra non valentem applies to suspend prescription in this case because plaintiffs did not know and could not have known of the malpractice action at the time of Mr. Guidry’s death. They contend that their wrongful death claim was not readily apparent at the time of Mr. Guidry’s death. They argue that the evidence presented at the hearing on the exceptions of prescription showed that it was not until the autopsy and complete medical records were reviewed by a nurse that they were able to discover the actual cause of death.
|sThe evidence in this case indicates that the plaintiffs knew the date Mr. Guidry died and that they immediately requested that an autopsy be perform on Mr. Guidry. A comparison of the two complaints filed by plaintiffs with the Division of Administration indicates that the primary difference is that the second complaint contains several paragraphs regarding discovery of the alleged malpractice. It is significant that the first claim, which was timely filed, makes no mention of any inability to discover the alleged malpractice. A review of the first complaint indicates that claimants had discovered the alleged malpractice, i.e., the failure to properly treat Mr. Gui-dry led to the development of emboli that caused his death.
In the instant case, the wrongful death prescriptive period began to run on November 4, 2014, the date of Mr. Guidry’s death. Plaintiffs’ claim filed on December 22, 2015 is prescribed because it was not filed within one year of Mr. Guidry’s death. Plaintiffs have not shown any extraordinary circumstances to invoke the exception of contra non■ valentem to suspend or interrupt the prescriptive period to file their wrongful death claims. The failure to pay the required filing fee is not a reason to apply the extraordinary exception of contra non valentem. Based on the reasoning set forth in Taylor, supra, and given the facts and circumstances of this case, we find that the trial court did not manifestly err in sustaining defendants’ exceptions of prescription regarding plaintiffs’ wrongful death claims.
CONCLUSION
For the foregoing reasons, the trial court’s judgment sustaining defendants’ exceptions of prescription in favor of Dr. Kaleem Arshad, Dr. Koa Tran, and Oceans Behavioral Hospital of Greater New Orleans, and dismissing the wrongful death claims of Christopher Guidry, individually, Louis Guidry, individually, ^Michael Gui-dry, individually, Danielle Fotenot, individually, and Patricia Guidry, individually, is affirmed. .
AFFIRMED
DISSENTS WITH REASON

. An autopsy was not required by law following Mr. Guidry’s death. It appears that the autopsy was performed at the request of Mr. . Guidry’s family.

. This appeal pertains solely to the judgment sustaining the exceptions of prescription with respect to the wrongful death claims.