NARDA MATOS AND ALTAGRACIA MATOS, ON BEHALF OF LIDIA MATOS

VERSUS

EDWARD WHITE, JR., BLAIR LOGISTICS, LLC AND P & S INSURANCE RISK RETENTION GROUP, INC.

NO. 21-CA-313

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 811-955, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

February 23, 2022

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

**<u>AFFIRMED</u>**
 **MEJ**
 **SMC**
 **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
NARDA MATOS AND ALTAGRACIA MATOS, ON BEHALF OF LIDIA
MATOS
     Miguel A. Elias
     Paula J. Ferreira

COUNSEL FOR DEFENDANT/APPELLEE,
BLAIR LOGISTICS, LLC, P&S INSURANCE RISK RETENTION GROUP,
INC., AND EDWARD WHITE
     Julie Steed Kammer
     David C. Bernard

**JOHNSON, J.**

Appellants, Narda Matos and Altagracia Matos, on behalf of Lidia Matos (hereinafter, "Plaintiffs"), appeal the Twenty Fourth Judicial District Court's February 18, 2021 judgment sustaining Appellees', Edward White, Jr., Blair Logistics, LLC, and P & S Insurance Risk Retention Group, Inc. (hereinafter, "Defendants"), Peremptory Exception of Prescription, dismissing with prejudice the lawsuit arising out of a February 17, 2019 car accident that resulted in three fatalities. For the following reasons, we affirm the district court's judgment.

### FACTS AND PROCEDURAL HISTORY

At approximately 6:30 am on February 17, 2019, Leandro Gonzales and Michael Medrano were severely injured when the vehicle they were passengers in collided with a semi-truck and attached black box trailer. The truck was illegally parked by Appellee, Edward White, Jr., a few days earlier, on the shoulder of Airline Highway near its intersection with North Atlanta Street in Metairie. The state trooper investigating the accident found the driver and Mr. Medrano dead inside the vehicle at the scene of the accident. Mr. Gonzales was alive and trapped inside of the vehicle, and a fourth passenger was receiving medical treatment from paramedics. Mr. Gonzales was pronounced dead the next day, on February 18, 2019.

On February 7, 2020, Narda Matos, Michael Medrano's mother, and Altagracia Matos, on behalf of Lidia Matos, Leandro Gonzales' mother, as her power of attorney and also as Independent Administrator of the succession of Gonzales, filed wrongful death and survival actions in Orleans Parish Civil District Court, against the operator of the semi-truck, Edward White, Jr. ("White"), his employer Blair Logistics, LLC ("Blair") and P&S Insurance Risk Retention Group ("P&S"), White and Blair's liability insurers. On February 18, 2020, Plaintiffs

requested service on Blair and P&S via Louisiana Long Arm Statute. On February 19, 2020, Appellants requested service on White at 3405 Pine Street, Apt. A, New Orleans, LA 70125. Service of process was perfected on Blair on March 13, 2020.

Defendants filed a Declinatory Exception of Improper Venue on May 19, 2020. After the exception hearing, the court sustained Defendants' exception on August 13, 2020. The case was transferred to the Twenty-Fourth Judicial District Court for the Parish of Jefferson on November 10, 2020. On December 3, 2020, Defendants filed a motion for extension of time to file responsive pleadings, which the district court granted. On December 28, 2020, Defendants filed a Peremptory Exception of Prescription alleging that the suit was initially filed in an improper venue and neither Blair, P&S, nor White were served the petition within the one-year prescriptive period. A rule to show cause was set for February 3, 2021.

At the trial on the exception, Defendants averred that the suit was timely filed, but because it was filed in an improper venue, service upon them within one year of the accident was required. Defendants further argued that "where *contra non valentem* applies, the application is when an individual cannot file suit within the prescriptive period for some reason that may -- that's either not the defendant's fault or at least not his own fault. Here, suit was filed; it just wasn't served." Defendants urged that Plaintiffs possessed the constructive knowledge of their cause of action from the day of the accident on February 17, 2019. However, Defendants acknowledged that the police report, which identified White and Blair, was released a month after the accident, and Plaintiffs did not have the entire police report. Defendants entered the following into evidence at the trial on the peremptory exception of prescription: Exhibit 1, the petition for damages filed February 7, 2020 in Orleans Parish Civil District Court; Exhibit 2, the case pleadings docket which shows when service and citation were requested; Exhibit 3, case details which revealed more information regarding the status of service upon

the defendants; Exhibit 4, the Civil District Court notice of signing of judgment and the judgment with reasons granting the exception of improper venue; Exhibit 5, the complete accident report from Louisiana State Police ("LSP"); and Exhibit 6, the detailed narrative compiled by LSP about the accident included in the report.

Plaintiffs contended that *contra non valentem* applied in this matter to extend the prescription period by three months. The following exhibits were entered into evidence by Plaintiffs: Exhibit A – the affidavit of Miguel Elias (their counsel); Exhibit B – the May 20, 2019 letter from Staines & Eppling (counsel for appellees) advising that they represented White and Blair in the matter; Exhibit C – the police report Plaintiffs received from LSP on May 6, 2019; and Exhibit D – an Affidavit of Service upon Blair. Plaintiffs also objected to Defendants' reply memorandum, faxed after the deadline. The district court sustained that objection pursuant to Local Rule 9.9(d).

Plaintiffs further argued that the prescriptive period begins to toll once the plaintiffs have a reasonable basis to pursue a claim against a specific defendant. Noting that this matter was a wrongful death case and the deceased were unable to provide information, Plaintiffs averred that the earliest they were able to determine "who they had a reasonable cause of action against, at the earliest, once this police report was created, which was March 17, 2019. Blair was served via long-arm statute on March 13, 2020, which is within one year of that prescriptive date." In support of their argument, Plaintiffs cited *Jordan v. Employee Transfer Corp.*, 509 So.2d 420, 424 (La. 1987)[1].

At the end of the hearing, the district court, after reviewing the law and memoranda, sustained Defendants' exception of prescription. The court found that the accident occurred in Jefferson Parish, the lawsuit could have easily been filed

---

[1] "When prescription begins to run depends on the reasonableness of a plaintiff's action or inaction. . . . However, prescription did not begin to run until they had a reasonable basis to pursue a claim against a specific defendant."

there within the one-year prescriptive period, and because the lawsuit was initially filed in Orleans Parish, which was not the proper venue, and none of the defendants had been served within the prescriptive period, prescription had tolled on Plaintiffs' cause of action. On February 22, 2021, the district court issued its judgment, with written reasons, which incorporated its orally assigned reasons stated on February 18, 2021.

On February 19, 2021, Plaintiffs filed a Motion to Supplement the Record on Defendants' Peremptory Exception of Prescription and Incorporated Memorandum requesting to supplement the record with: 1) a certified copy of Orleans Parish Civil District Court's record of the case; 2) a transcript of the hearing held on Defendants' Exception; and 3) a full and complete copy of the police report containing the written statement of Defendant, Edward White, Jr. Defendants objected to Plaintiffs' motion, charging that Plaintiffs were attempting to re-litigate the issue of whether venue was proper in Orleans Parish and the Twenty-Fourth Judicial District Court already had in evidence all the information needed to determine whether Plaintiffs' cause of action had prescribed. Plaintiffs replied that they did not desire to re-litigate the issue of venue on appeal, but felt that Edward White, Jr.'s handwritten statements should be made available for the appellate court to determine whether the situation in this case constitutes an extraordinary circumstance such that the doctrine of *contra non valentem* should be applied. The district court heard the matter on March 23, 2021. In its April 8, 2021 judgment, Plaintiffs' motion was denied, but the district court ordered the Plaintiffs to submit the documents under seal "for purposes of the record should they seek supervisory or appellate relief on this Judgment." Plaintiffs then timely filed this motion for appeal.

## ASSIGNMENTS OF ERROR

Plaintiffs assign that the district court erred by: 1) dismissing its suit on the basis of prescription when Blair was served within one year of Plaintiffs knowing or reasonably knowing of a cause of action against any potential defendant, and Plaintiffs were diligent in their discovery of a cause of action; and 2) denying Plaintiffs' motion to supplement the record to include the transcript of the trial on the declinatory exception of improper venue in Orleans Parish Civil District Court and the complete LSP accident report.

## LAW AND DISCUSSION

### Plaintiffs' Motion to Supplement Record

First, we find that the district court did not abuse its discretion when it denied Plaintiffs' post-trial Motion to Supplement Record, filed the day after the district court sustained Defendants' exception of prescription. Plaintiffs did not appeal or request supervisory writs after the Orleans Parish Civil District Court sustained Defendants' Declinatory Exception of Improper Venue. At the March 23, 2021 hearing on the motion to supplement the record, Plaintiffs stated on the record that they had not seen what was purported to be the complete LSP accident report before Defendants offered, filed, and introduced the document into the record at the February 3, 2021 trial on the exception of prescription. Nevertheless, Plaintiffs did not request a recess in order to review the exhibit, object, or reserve their rights to object or to supplement the record at a later date. We find the information Plaintiffs state is contained in the proposed supplement to the record is not necessary in order to make a determination regarding whether Plaintiffs' claims have prescribed, considering the arguments and the record before us.

### Defendants' Peremptory Exception of Prescription

Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from that day damage or injury is sustained.

*Barbarin v. Wal-Mart Stores, Inc.*, 01-669 (La. App. 5 Cir. 11/27/01); 804 So.2d 116, 117 (quoting La. Civ. Code art. 3492).

La. C.C. art. 3462 provides:

> Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

*Jinright v. Glass*, 06-888 (La. App. 5 Cir. 2/27/07); 954 So.2d 174, 177–78, *writ denied,* 07-570 (La. 5/4/07); 956 So.2d 618. "When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. *Conner v. Cont'l S. Lines, Inc.*, 294 So.2d 485, 487 (La. 1974). "Where service of process is the legal act which interrupts the running of prescription it is essential that the defendant be served. This is the only type of notice permitted or recognized. Knowledge obtained through any other source will not constitute a legal interruption." *Id.* Actual service of citation is necessary to interrupt prescription when the suit is filed in a court which does not have jurisdiction of the action. *Hidalgo v. Dupuy*, 122 So.2d 639, 643 (La. App. 1st Cir. 1960).

Prescription is a peremptory exception which is provided for in Louisiana Code Civil Procedure article 927. *In re Guidry*, 17-105 (La. App. 5 Cir. 8/30/17); 225 So.3d 1169, 1173. "The general rule is that 'prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it.'" *Calamia v. Par. of Jefferson*, 20-284 (La. App. 5 Cir. 12/23/20); 307 So.3d 1200, 1202, *writ not considered,* 21-208 (La. 4/7/21); 313 So.3d 275, *quoting Bailey v. Khoury,* 04-0620 (La. 1/20/05), 891 So.2d 1268, 1275. Evidence may be introduced in support of or contravention of the exception if the grounds are not apparent from the petition. La. C.C.P. art. 931. When evidence is introduced at the

hearing on the exception of prescription, an appellate court reviews the ruling on the exception under the manifest error standard of review. *In re Guidry*, *supra*. Generally, the burden of proof lies on the party pleading the exception of prescription. *Id.* However, if it is apparent from the face of the pleadings that action is prescribed, the burden shifts to the plaintiff to show that the action has not prescribed. *Id.*

*Contra non valentem agere nulla currit praescriptio* ("prescription does not run against the party unable to act") is an exception to La. C.C. art. 3467, which states that prescription runs against all persons unless an exception is established by legislation. *In re Med. Review Panel of Gerard Lindquist*, 18-444 (La. App. 5 Cir. 5/23/19); 274 So.3d 750, 755, *writ denied,* 19-1034 (La. 10/1/19); 280 So.3d 165. As an inchoate right prescription, may be renounced, interrupted, or suspended; and *contra non valentem* applies as an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues. *Coleman v. Ace Prop. & Cas. Ins. Co.*, 19-305 (La. App. 5 Cir. 11/27/19); 284 So.3d 1262, 1269, *citing Reeder v. North*, 97-0239 (La. 10/21/97), 701 So.2d 1291, 1298.

> The Supreme Court has recognized four circumstances in which *contra non valentem* prevents the running of prescription: 1) where there is some legal cause which prevented the court or its officers from taking cognizance of and acting on the plaintiff's actions; or 2) where there is some condition coupled with the contract or coupled with the proceedings which prevented the plaintiff from suing or acting; or 3) where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action; or 4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

*In re Med. Review Panel of Gerard Lindquist*, *supra* at 755–56.

The Supreme Court has found that prescription does not begin to run until a plaintiff has a reasonable basis to pursue a claim against a specific defendant. *See Jordan v. Employee Transfer Corp.*, 509 So.2d 420, 424 (La. 1987). The fourth

category of *contra non valentem,* the "discovery rule", is only to be applied in extreme circumstances, and prescriptive statutes are to be interpreted broadly in favor of maintaining a party's claim. *Desi v. Thomas Jefferson Constr. Corp.*, 19-502 (La. App. 5 Cir. 10/5/20); 304 So.3d 1068, 1074 *citing Marin v. Exxon Mobil Corp.*, 09-2368 (La. 10/19/10), 48 So.3d 234, 245-46. However, when this jurisprudential doctrine was first recognized, the Louisiana Supreme Court explained that this principle will not exempt a plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect. *Id.* A plaintiff will be deemed to know what he could by reasonable diligence have learned. *Id. citing Marin, supra.*

Here, Plaintiffs argue that *contra non valentem* applies in the instant case because the earliest they could have known the identities of the Defendants was on March 17, 2019, when the LSP accident report became available. We acknowledge that the accident resulted in the tragic loss of three lives, and it may have been difficult initially for the Plaintiffs to find out what happened to their loved ones. But, we do not find extraordinary circumstances present in this matter sufficient to justify the application of *contra non valentem* to the facts of this case and the application of the "discovery rule" to extend the prescription period for Plaintiffs to file their case on March 17, 2020. By February 18, 2019, the day after the accident, Plaintiffs had sufficient constructive notice of all possible causes of action. The May 20, 2019 letter Defendants' counsel sent to Plaintiffs advised them of all of the defendants' identities. Plaintiffs filed suit ten days before the one-year anniversary of the accident, but chose to *request* service on Defendants after February 17, 2020. The record does not contain evidence of exceptional details that would support a finding that the prescription period should have been extended past February 17, 2020. The record reflects that Blair was the only defendant *actually* served, on March 13, 2020. We find that the district court did

not commit manifest error when it found that Plaintiffs' claims had prescribed for failure to timely request service of process on Defendants after filing suit in an improper venue.

## *DECREE*

Considering the foregoing, the district court's February 18, 2021 judgment sustaining Defendants' Peremptory Exception of Prescription and its March 23, 2021 judgment denying Plaintiffs' Motion to Supplement Record are affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 23, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-313

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
DONALD A. MAU (APPELLANT)          MARIO D. ZAVALA, JR. (APPELLANT)          MIGUEL A. ELIAS (APPELLANT)
JULIE STEED KAMMER (APPELLEE)

### MAILED
DAVID C. BERNARD (APPELLEE)          ADAM M. KLOCK (APPELLANT)
ATTORNEY AT LAW                      GRAHAM BRIAN (APPELLANT)
3500 NORTH CAUSEWAY BOULEVARD        OLIVIA L. KINNEAR (APPELLANT)
SUITE 820                            PAULA J. FERREIRA (APPELLANT)
METAIRIE, LA 70002                   RASHIM J. KHAN (APPELLANT)
                                     ROBERT E. DUHON (APPELLANT)
                                     ATTORNEYS AT LAW
                                     4224 WILLIAMS BOULEVARD
                                     KENNER, LA 70065